## DAVENPORT v. DAVENPORT.

Appeal from Probate Court—Return.—Where an appellant from probate court has caused certified copies of the petition, answer, decree, and notice and grounds of appeal in probate court to be filed in Circuit Court, he has made such "return" as will give that Court jurisdiction of the appeal, and the fact that the probate judge omitted to indorse on the copy notice and ground of appeal acceptance of service is not a fatal defect, but may be cured by amendment of certified copy, or by filing original in Circuit Court any time before trial, during sitting of Court and after notice of motion to dismiss appeal. The filing of the testimony in the Circuit Court is not necessary except where the exceptions show that the evidence is in question; but if necessary and not filed, original may be filed, or appellant may be allowed to file certified copy.

Before Aldrich, J., Greenville, November, 1900. Reversed.

Petition in probate court for dower by Temperance Davenport against Robert L. Davenport. From order dismissing appeal from probate court by defendant, he appeals.

*Mr. Julius H. Heyward,* for appellant, cites: *Testimony taken by stenographer in probate court is no part of record to be certified up:* Code, 60, 274; 4 S. C., 37; 33 S. C., 442; 19 S. C., 286. *Appeal was taken in due time, and return filed, was all the law required:* Code, 57, 58, 61; 35 S. C., 420.

*Messrs. Carey & McCullough,* contra, cite: *Filing of certified copies after opening of next term of C. C. Court is too late: Code,* 58; 35 S C., 420.

August 16, 1901. The opinion of the Court was delivered by

MR. JUSTICE JONES. This was a proceeding for the admeasurement of dower, originally instituted in the probate court for Greenville County. A decree in favor of the petitioner was filed in the probate court on the 27th day of September, 1900, and on the 10th day of October, 1900, a notice and grounds of appeal to the Circuit Court were duly served on the petitioner's attorneys and filed in the probate court. On the 12th day of October, 1900, copies of the following papers duly certified by the probate judge were filed in the office of the clerk of the Circuit Court; the petition, answer, decree of the probate court, and the notice and grounds of appeal. These were all the papers in the case except the original notice and grounds of appeal, and the testimony taken by a stenographer, both of which were filed in the probate court. The next stated term of the Court of Common Pleas for said county commenced on the 19th day of November, 1900. On November 21st, 1900, the attorneys for petitioner served notice of a motion to dismiss the appeal to the Circuit Court for failure "to file in the Circuit Court a certified copy of the record of the proceedings appealed from and of the grounds of the appeal filed in the probate court, together with the proper evidence that notice has been given to the adverse party according to law as prescribed by sec. 58 of the Code of Procedure." On the same day this motion

was served, the defendant's attorney filed with the clerk of the Circuit Court the testimony taken in the probate court and the original notice and grounds of appeal, showing the acceptance of service indorsed thereon. The motion was heard on November 26, 1900, and on this hearing defendant's attorney moved for leave to perfect the appeal, if the Court should be of the opinion that it had not been perfected. The Circuit Court granted the motion to dismiss and refused defendant's motion to be allowed to perfect the appeal. The exceptions to this Court impute error in both regards.

Appeals from the probate court to the Circuit Court are regulated by sec. 57 *et seq.* of the Code of Procedure. It is provided as follows: "Sec. 57. Any person interested in any final order, sentence or decree of any probate court, and considering himself injured thereby, may appeal therefrom to the Circuit Court in the same county, at the stated session next after such appeal. The grounds of appeal shall be filed in the office of the probate court, and a copy thereof served on the adverse party, within fifteen days after notice of the decision appealed from. Sec. 58. The person appealing shall procure and file in the Circuit Court to which such appeal is taken a certified copy of the record of the proceedings appealed from and of the grounds of the appeal filed in the probate court, together with the proper evidence that notice has been given to the adverse party according to law. Sec. 60. When such certified copy shall have been filed in the Circuit Court, such Court shall proceed to the trial and determination of the question according to the rules of law; and if there shall be any question of fact or title to land to be decided, issue may be joined thereon under the direction of the Court, and a trial thereof had by jury. Sec. 61. If the person appealing from the proceedings of the probate court, as provided in this title, shall neglect to enter his appeal, the Circuit Court to which such appeal shall be taken, on motion and producing attested copies of such appeal by the adverse party, shall affirm the proceedings appealed from, and may allow costs against the appellant."

It thus appears that the appellant fully complied with sec. 57 and endeavored to fully comply with sec. 58. If the probate court failed to certify as to the proof of service of the notice and grounds of appeal, which was indorsed on the original paper duly filed in his office, that omission was not fatal to the jurisdiction of the Circuit Court, and was the subject matter of amendment. Likewise the omission to certify the testimony was not fatal to the jurisdiction of the Circuit Court and was the subject of amendment. The testimony taken need not be certified unless the grounds of appeal involve some question relating to the testimony, for it is only in such case that the testimony is any part of the "proceedings appealed from." The "Case" before us does not disclose whether the appeal in any way involved any question requiring the certification of the testimony. Be that as it may, the omission to certify the testimony was not fatal. The question involved is merely one as to a defective "return" to the Circuit Court and not one involving the absence of a "return." The Circuit Court has ample powers to amend a defective certification of the record appealed from, when any necessity therefor arises. In this case there was no neglect to "enter his appeal" on the part of the defendant, since such appeal was entered in due time, notwithstanding the omissions noticed, which were curable by amendment; and these omissions having been supplied by the filing of the originals in the Circuit Court, the appeal ought not to have been dismissed. If the filing of the original papers by way of amending the certified record was not a substantial compliance with the statute, the defendant ought to have been allowed to have such originals and proper indorsements thereon duly certified to by the probate court.

The judgment of the Circuit Court is reversed, and the case remanded to the Circuit Court for further proceedings.