### WATSON v. POLLITZER.

1. APPEAL—PROBATE COURT.—That a circuit order affirming a judgment of the probate court has not been certified to the probate court is not ground for reversal of the circuit order.
2. IBID.—IBID.—On appeal from probate court to Circuit Court, appellant must file in Circuit Court a certified copy of the record of proceedings appealed from.

Before TOWNSEND, J., Beaufort, January, 1905. Affirmed.

Proceeding in probate court to remove Peter Watson as guardian of Isaiah and Florence Chaplin. From order sustaining probate judgment, Watson appeals.

*Messrs. W. S. Tillinghast* and *Jno. S. Reynolds,* for appellant, cite: Code of Proc., 58, 340; 61 S. C., 389.

*Mr. W. J. Thomas,* contra, cites: Code of Proc., 57, 58, 59, 61, 62; 61 S. C., 392.

October 7, 1905. The opinion of the Court was delivered by

MR. JUSTICE JONES. Proceedings were instituted in the probate court of Beaufort County to remove Peter Watson as guardian of two minor children, for alleged misappropriation of funds of his wards. The probate judge made an order, dated November 7th, 1904, removing said guardian and appointing H. C. Pollitzer in his stead, and requiring Watson to forthwith turn over to the court all funds of the wards in his hands. From this order, Watson served notice and grounds of appeal to the Circuit Court on the probate judge and on H. C. Pollitzer, within fifteen days, as required by sec. 57 of the Code of Civil Procedure. The original notice and grounds of appeal were filed with the clerk of the Court of Common Pleas for Beaufort County on the 14th day of November, 1904. Nothing further was done by

appellant, and no return or certified copy of the proceedings in the probate court was ever filed in the Circuit Court, as required by sec. 58 of the Code of Civil Procedure.

At the ensuing term of the Circuit Court, Judge Townsend, on motion of the adverse party, and on the production of attested copies of the said appeal, affirmed the proceedings of the probate court on the ground that appellant had neglected to enter his appeal.

The appellant now alleges that the order of Judge Townsend was erroneous, (1) in not conforming to sec. 62 of the Code of Civil Procedure; (2) in holding that the statute required that a certified copy of the proceedings in the probate court should be filed in the Circuit Court, in entering an appeal; and (3) in not allowing plaintiff to amend the return by having said certified copy filed.

I. It is not stated wherein the order fails to comply with sec. 62 of the Code. This section requires that the final judgment of the Circuit Court, on appeal from the probate court, shall be certified to the probate court by the Circuit Court. This may be done hereafter, and if it be a fact that such has not already been done, it is not a ground for a reversal of the order.

II. The order of the Circuit Court was fully warranted under sections 58, 60 and 61 of the Code of Civil Procedure, which are as follows:

"Sec. 58. The person appealing shall procure and file in the Circuit Court to which such appeal is taken a certified copy of the record of proceedings appealed from, and of the grounds of the appeal filed in the probate court, together with the proper evidence that notice has been given to the adverse party according to law."

"Sec. 60. When such certified copy shall have been filed in the Circuit Court, such Court shall proceed to the trial and determination of the question, according to the rules of law. * * *"

"Sec. 61. If the person appealing from the proceedings of the probate court, as provided in this title, shall neglect

to enter his appeal, the Circuit Court, to which such appeal shall be taken, on motion, and producing attested copies of such appeal by the adverse party, shall affirm the proceedings appealed from, and may allow costs against the appellant."

III. The third ground cannot be sustained, because there is nothing in the record to show that any application was ever made to the Circuit Court to allow an amendment to the return. It is well settled that a statement of fact which appears only in the exception cannot be considered by this Court.

The judgment of the Circuit Court is affirmed.

THE CHIEF JUSTICE *did not participate in this opinion because of illness.*