## 11255

### FULTZ v. McKNIGHT

#### (118 S. E., 37)

1. WILLS—APPEAL FROM DECREE OF PROBATE COURT AFFIRMED, RETURN NOT BEING FILED WITHIN REQUIRED TIME.—Where respondents served notice of an appeal to the Circuit Court from a decree of the Probate Court admitting the will to probate, but failed to file a return before the session met after such appeal, as required by Code Civ. Proc. 1912, §§ 63, 64, 67, the appeal will be dismissed, and the probate decree affirmed.

2. COURTS—CIRCUIT COURT AUTHORIZED TO PERMIT CORRECTION OF RETURN TO APPEAL FROM PROBATE COURT.—Where the return to an appeal to the Circuit Court from a decree of the Probate Court is defective, the Circuit Court has authority to permit its correction and grant a continuance.

Before MEMMINGER, J., Berkeley, November, 1922. Reversed and remanded.

Proceeding by Lewis G. Fultz, executor of the last will and testament of Elias Cumbee, deceased, and Emily H. Cumbee, sole devisee and legatee under his will and testament, against Sarah McKnight and others. From an order of the Circuit Judge refusing to dismiss respondents' appeal from a decree of the Probate Court, appellants appeal.

*Mr. Octavus Cohen,* for appellants, cites: *Appeals from Probate Court:* Code Proc., 1912, Sec. 63, 64; 72 S. C., 382.

*Messrs. Wolfe & Dennis,* for respondents.

June 13, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

On February 6, 1922, respondents here served notice of intention to appeal to the Circuit Court from a decree of

the Probate Court of Berkeley County admitting a will to probate in due form of law. No "certified copy of the record of the proceedings appealed from and of the grounds of the appeal filed in the Probate Court," together with "proper evidence" of notice of appeal "given the adverse party according to law," was filed in the Circuit Court, as required by section 64, Code Civ. Proc. 1912, prior to the "stated session next after such appeal" (section 63, Code Civ. Proc. 1912), which appears to have been the session fixed by law to be held in June, 1922. At the next session of the Circuit Court, a term of the Court of Common Pleas, held in September, the proponent of the will, the appellant here, moved pursuant to notice served August 24, 1922, to dismiss the appeal from the Probate Court and for an order affirming the proceedings appealed from under section 64, Code, Civ. Proc., 1912. The attorney for the contestants, respondents here, stating that he was not then prepared to argue the motion, the Court made the following entry on the docket:

"Motion heard and to be argued at coming criminal Court."

When the motion was thus marked "Heard" the return required by section 64 had not been filed in the Circuit Court. When the motion came on far argument at the ensuing "criminal court" (presumably the Court of General Sessions) on November 8, 1922, it appearing that the certified copy of the record of the proceedings of the Probate Court, etc., had been filed in the Circuit Court on November 6, 1922, the presiding Judge held that the parties appealing from the Probate Court were entitled to have their appeal considered, and refused to dismiss the appeal and affirm the proceedings appealed from. From the order of the Circuit Judge so holding, this appeal is taken.

The pertinent statutory provisions (Code Civ. Proc., 1912) are as follows:

Section 63: "Any person interested in any final order, sentence, or decree of any Probate Court * * * may .appeal therefrom to the Circuit Court in the same county, at the stated session next after such appeal. The grounds of appeal shall be filed in the office. of the Probate Court, and a copy thereof served on the adverse party, within fifteen days after notice of the decision appealed from."

Section 64: "The person appealing shall procure and file in the Circuit Court to which such appeal is taken a certified copy of the record of the proceedings appealed from, and of the grounds of the appeal filed in the Probate Court, together with the proper evidence that notice has been given the adverse party according to law."

Section 67: "If the person appealing from the proceedings of the Probate Court, as provided in this title, shall neglect to enter his appeal, the Circuit Court to which such appeal shall be taken, on motion, and producing attested copies of such appeal by the adverse party, shall affirm the proceedings appealed from," etc.

In *Ex parte Apeler* 35 S. C., at page 420, 14 S. E., at page 932, Mr. Justice McIver, in discussing the sections of the Code here involved, said:

"The next section [now Section 64] provides that the appellant shall file in the Circuit Court a certified copy of the record of the proceedings in the Probate Court, including the notice and grounds of appeal; but prescribes no limit as to the time within which such certified copy shall be filed in the Circuit Court, though, we presume, construing these two sections [now Sections 63 and 64] together, it must be done before 'the stated session' of the Circuit Court 'next after such appeal.'"

In *Watson v. Pollitzer,* 72 S. C., 387; 51 S. E., 914, where notice of an appeal from the Probate Court was given and such notice and the grounds of appeal filed in the Circuit Court within 15 days after the order of the Probate Court was made, but no "certified

copy of the proceedings," etc., was filed, as required, the appeal was dismissed, and the proceedings of the Probate Court affirmed on motion of the adverse party "at the ensuing term of the Circuit Court," which action of the Circuit Judge was, on appeal therefrom, approved and affirmed by this Court.

We think the clear intendment of the Code, as suggested in *Ex parte Apeler, supra,* is to require the entry of the appeal by the filing of the return, that is, the certified record, etc., before the "stated session" of the Circuit Court "next after such appeal." The right of appeal is statutory (*Rylee v. Marett,* 121 S. C., 366; 113 S. E., 483), and, in the light of the definite statutory provisions as to the time for perfecting appeals from other Courts, no presumption is to be indulged that the Legislature intended to leave the entry in the Circuit Court of an appeal from the Probate Court wholly indefinite as to time. The construction here given the statute, that the entry of the appeal by the filing of the certified record, etc., before the stated session of the Circuit Court next after such appeal, is the requirement contemplated by law, need entail no unusual hardship upon litigants. The appealing party is allowed 15 days after notice of the Probate Court's order or decree to serve notice of appeal, etc. When such notice is received within less than 15 days of an approaching session of the Circuit Court, by deferring the service of notice of appeal to as late a day as possible within the limits of the 15-day period available, the next stated session need not be the one immediately following the filing of the probate decree. If the approaching session is more than 15 days away, the time available, that is, 15 days or more, should be ample to enable a diligent appellant to get the certified copy of the record filed in the Circuit Court. If the return is defective, the Circuit Court has authority to permit its correction and broad discretionary powers as to

the continuance of trials. *Davenport v. Davenport,* 61 S. C., 389; 39 S. E., 548.

When the appellant here moved to dismiss at the September term of the Court of Common Pleas in September, following the service of the notice of appeal in February, no return had been filed, and, under the express provisions of Section 67, he was entitled to have the proceedings of the Probate Court affirmed. That right, having accrued, and having been duly asserted by motion made and marked "Heard" at the September term, could not thereafter be lost by the movant or denied by the Court by virtue merely of the subsequent filing of the certified record out of time. The question here does not involve a defective return, but the total absence of a return. *Davenport v. Davenport, supra.*

The order of the Circuit Court must therefore be reversed, and the cause remanded for the entry of the appropriate order under Section 67, Code Civ. Proc., 1912.

Reversed.