8100

WHITCOMB v. MANDERVILLE.

JUDGMENTS—FOREIGN LAWS.—NONSUIT should not be granted in an action in this State against one owning property here on a judgment rendered in a foreign State against a then resident of that State, where the evidence shows there was a final judgment and that the judgment was kept alive according to the laws of that State, and according to its laws presumption of payment did not arise because the defendant had left the State.

Before COPES, J., Kershaw, March, 1911. Reversed.

Action by Alice V. Whitcomb against Edward E. Manderville. Plaintiff appeals.

*Messrs. Duncan C. Ray* and *W. B. deLoach,* for appellant, cite: *Action will lie on a judgment by decree in equity:* 2 Black on Judg., sec. 869; 16 How. 65; 12 Pet. 458; 2 How. 43; 3 How. 413; 16 How. 65; 24 How. 195; 111 U. S. 389. *Decree in Nebraska was final judgment:* 1 Black on Judg., sec. 41; Freem. on Judg., sec. 12; 21 S. C. 259.

*Presumption is in favor of correct performance of official duty:* Thomp. on Pub. Off., sec. 559; 5 Rich. 536; 55 S. C. 504; 21 S. C. 245; 45 S. C. 323; 45 S. C. 337. *Presumption of payment and statute of limitations are to be decided by lex fori:* Story Con. of Laws, sec. 576; 13 Pet. 312; 34 S. C. 165; 52 S. C. 193.

*Messrs. L. A. Wittkowsky* and *T. J. Kirkland,* contra, cite: *No action can be maintained on a conditional or alternative judgment:* 40 S. C. 194, 209; 45 S. C. 322; 8 Pa. St. 122; Wright 428; 1 Allen 51; 1 Crouch. 282; 11 Ency. P. & P. 1128; 8 Wheat 697; 5 Enc. P. & P. 1069; 13 Ency., 1008.

February 23, 1912.   The opinion of the Court was delivered by

Mr. Justice Watts. This action was commenced in the Court of Common Pleas, for Kershaw county, in July, 1909, and after issue joined by consent, the case came on for a hearing before his Honor, Judge Copes, presiding Judge, without a jury in Columbia upon the pleadings and testimony. The action was on a judgment, rendered by the District Court of Lancaster county, in the State of Nebraska. The plaintiff alleges in her complaint that an action was commenced, in the District Court of Lancaster, on July 30, 1884, by Thomas J. Whitcomb against E. R. Deyo and Edward E. Manderville, and both were duly served, and Deyo made default and judgment was rendered against him and entered on June 26, 1885. That Manderville duly appeared and filed an answer and was represented by his attorney. That on June 26, 1885, a decree was duly rendered against the defendant in favor of plaintiff, finding and adjudging, "That there was due from defendant, E. E. Manderville, to the plaintiff, Thomas J. Whitcomb, the sum of seventeen hundred dollars." The said decree also finds that the defendant, Manderville, is insolvent and

orders Mellick, as sheriff of Lancaster county, Nebraska, to be appointed receiver to take charge of the assets and property of the firm of Manderville & Whitcomb, and sell the said property, in the same manner as if sold on execution, and upon this proceeding plaintiffs have judgment against the defendant, Manderville, for the amount unpaid by the sale of the partnership property aforesaid, and it is further adjudged, that plaintiff have judgment against each of the defendants for the costs of this action, taxed at $22.95, and that execution issue accordingly. That pursuant to said decree, Mellick, as sheriff or receiver, took possession of the assets and property of the firm of Manderville & Whitcomb, and on October 8, 1885, filed his return in the office of the District Court in said county and State, reporting the sale of said property, and the amount realized to be applied on the judgment was $135.05. That on June 23, 1890, an execution, upon the judgment, was issued to the sheriff of said county, commanding him to cause to be levied upon the goods and chattels of said Manderville, the sum of $1,700.00 with interest from June 26, 1885, until paid, and the further sum of $44.70 costs. That said execution was returned wholly unsatisfied on June 26, 1890. That afterwards, on April 2, 1895, an *alias* execution was issued, to enforce payment of the judgment, which was returned unsatisfied on April 6, 1895.

That thereafter, on March 21, 1900, a *pluries* execution, to enforce payment of the judgment, was duly issued and returned wholly unsatisfied on March 24, 1900, and on February 21, 1905, a second *pluries* execution, to enforce the payment of the judgment, was duly issued and returned wholly unsatisfied, on February 25, 1905. That the suing out and issuance of said execution, within five years from the date of said judgment, and within five years of date of each execution, revived the said judgment, and that said judgment is now in full force, virtue and effect, in the said State of Nebraska, as provided by section 1480 (432) of the

1901 Annotated Code, of Nebraska, and the law in such cases, as declared by the decisions of the Supreme Court, of said State. That plaintiff avers and alleges, on information and belief, that shortly after rendition of the judgment, and before execution issued, that Manderville left the State of Nebraska and has remained absent ever since, or kept himself concealed, and is now a resident of the State of Pennsylvania, and is seized and possessed of valuable real estate, in Kershaw county, South Carolina, which he purchased some time after the year 1889, and prior to the commencement of this action. That by the law of the State of Nebraska, it is enacted "if when a cause of action accrues against a person he is out of the State, or shall have absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the State, or while he is absconded or concealed, and if after the cause of action accrues, he depart from the State, or absconds or conceals himself, the time of his absence or concealment, shall not be computed as a part of the period within which the action must be brought." Annotated Code of Nebraska 1901, sec. 1919. That by the law of the State of Nebraska, the presumption of payment from lapse of time may be overcome by the proof that the judgment has never been paid, and proof of the departure, continued absence and concealment of the defendant, as alleged in the complaint, will rebut the presumption of payment arising from the lapse of time. That during the year 1899, plaintiff is informed and believes, defendant became a citizen and resident of the State of South Carolina, without any previous residence in said State, and remained a citizen and resident of said State until the year 1905, when he departed from the State, and has remained continually absent therefrom ever since. That on April 29, 1885, the aforesaid judgment was duly assigned to plaintiff for value, and who is now the legal owner and holder thereof. That no part of the said $1,700.00, decreed to be due Whitcomb

by Manderville, has ever been paid, by discount or otherwise, except the sum of $135.05, as set out in the return of Mellick, sheriff-receiver, October 8, 1885, and there is now due and owing thereon, the sum of $1,596.68, with interest from October 8, 1885, it being provided by the laws of Nebraska that judgments and decrees for the payment of money bearing interest at the rate of seven per cent. Defendant answers complaint, and admits that he was served, appeared and defended by counsel, the cause in Court at Lancaster, Nebraska, alleged in complaint, but specifically denies the allegations that the judgment referred to is in full force, virtue and effect in the State of Nebraska. He admits that in 1885, he left the State of Nebraska and has been absent therefrom ever since. He alleges he is in business in the State of Pennsylvania, and has been compelled to reside there the greater part of the last three years, but denies that he is a permanent resident of that State. He admits he owns real estate in Kershaw county, South Carolina, which he purchased in the year 1905. He admits that he became a resident and citizen of South Carolina in 1898, and before that time he was not a resident. That he departed from the State in 1906, but denies that he has been continuously absent therefrom since, and alleges that he has a home in South Carolina wherein his family resides every winter. All allegations not admitted he denies. He alleges further, that as twenty years have elapsed since the alleged date of the alleged judgment the same is presumed paid, and further alleges that more than twenty years having elapsed, since the alleged date of the judgment all right of action is barred by the statute of South Carolina, in such cases made and provided. At the trial before his Honor, Judge Copes, the records of the Court of Lancaster county, Nebraska, alleged in the complaint, and certain sections of Annotated Code of the State of Nebraska and vol. 17 Nebraska Reports, and certain depositions were introduced in evidence

by the plaintiff. At close of plaintiff's case, a motion was made for a *nonsuit* on eight grounds, to wit:

1st. Because there is no evidence of any judgment against the defendant such as alleged.

2d. Because the record of the Nebraska Court offered to sustain the judgment alleged shows on its face a complete variance from the judgment described in the complaint.

3d. Because the record of the Nebraska Court offered in evidence and relied on by plaintiff shows on its face that the same was a proceeding in equity and the decretal order therein authorized future entry of judgment only for such deficiency as remained after sale by receiver of specific property and no unconditional judgment for an ascertained amount was rendered or entered against defendant.

4th. Because the record offered in evidence by plaintiff shows the sale of only a portion of the property ordered to be sold and applied to defendant's debt, and shows no ascertainment of deficiency as required by decretal order was arrived at nor any judgment rendered for such deficiency.

5th. Because no evidence has been adduced of judgment against defendant for any ascertained definite amount, but instead the record shows a decretal order for a contingent conditional amount to be ascertainable by methods which were not pursued or complied with.

6th. Because the decretal order of the Nebraska Court offered to sustain the allegation of judgment appears to have been rendered in equity and is not such a judgmnt as would support an action at common law.

7th. Because no proof has been offered of the laws of Nebraska authorizing any action upon a decree such as that adduced in evidence, upon which at common law no action would lie, and the common law will be presumed as applicable and because by the very terms of the said decree and the record accompanying the same it appears that no valid judgment could have been entered thereon, nor has been.

8th. Because it appears that the alleged judgment or debt upon which plaintiff seeks to recover has been presumptively paid, as more than twenty years have elapsed since right of action accrued and there has been no proof of any written promise to pay or acknowledgment of the debt or entry of payment upon the record of such alleged judgment, and that there is no sufficient evidence that the alleged judgment has not been paid, or that any part thereof remains unsatisfied.

His Honor, Judge Copes, passed the following order granting *nonsuit:* "The above entitled action was tried before me by consent, without a jury, at my chambers in Columbia, S. C., on March 14, A. D. 1911. After plaintiff had introduced evidence, mainly documentary, and rested, a motion for *nonsuit* was made on behalf of defendant, upon various grounds which were submitted in writing, and which need not here be enumerated, and to which reference is sufficient. After argument and careful consideration, I concluded to grant the *nonsuit,* upon the grounds that the record of the Nebraska Court introduced, upon which, plaintiff relies, shows that the terms and conditions provided in the decree therein rendered for ascertaining the amount for which plaintiff therein should have judgment, were not complied with except in part, and the record discloses no account of a considerable portion of the property ordered sold, and specifically described, and the proceeds of sale of which were ordered applied to the defendant's indebtedness. It does not appear from the record that any definite ascertained amount was legally or properly determined as prescribed by the decree, and for such reasons I hold that the allegations of the complaint are not supported by evidence, and I grant the *nonsuit.* The other grounds submitted are overruled."

From this order plaintiff appeals, questioning the correctness of the Court's ruling, and defendant gave notice that he would ask the Court to sustain the order of *nonsuit,* upon all the grounds submitted on trial below, in addition to

the grounds assigned by his Honor in his order of *nonsuit*. It has been so often decided by this Court that where there is any competent relevant testimony to go to the jury, that *nonsuit* cannot be granted, that citation of authority is unnecessary.    Was there any competent relevant testimony to go to the jury in this case?    We find a decree of the Nebraska Court which was in our opinion a final judgment, because it disposed of the whole merits of the cause, and left nothing for the further consideration of the Court. The law of Nebraska introduced in evidence has this : "The District Courts shall have and exercise general, original and appellate jurisdiction in all matters, both civil and criminal, except where otherwise provided."    Cobbey's Annotated Statutes of Nebraska, vol. 2, sec. 4734.    "All presumptions are in favor of the jurisdiction of District Court."    *Bedford* v. *Ruby,* 17 vol. Nebraska Reports, page 98.    The decree finds, "That there is due from defendant, Manderville, to the plaintiff, Thomas J. Whitcomb, the sum of $1,700.00.    The Court further finds the value of the partnership property of the firm of Manderville & Whitcomb is of the value of not to exceed $1,500.00.    That the defendant, Manderville, is insolvent and that the property of the said firm of Manderville & Whitcomb should be sold by the receiver, hereafter named, upon the same advertisement and terms and in the manner of conducting an execution sale of personal property, and the proceeds of such sale be applied to the payment of the above amount found due from Manderville, the defendant, to plaintiff, Thomas J. Whitcomb.    It is further ordered, adjudged and decreed that the injunction issued in the cause be made perpetual, and that each of the defendants be restrained from in any manner, asserting any right or interest in the partnership assets of the firm of Manderville & Whitcomb, and especially this decree applies to the property described in the pretended chattel mortgage, executed by Deyo to Manderville, which said property is described, to wit: etc., etc., etc.

It is further ordered that S. M. Mellick, as sheriff of Lancaster county, Nebraska, be appointed receiver to take charge of the assets and property of the firm of Manderville & Whitcomb wherever the same may be found, and for that purpose to search for, collect and take possession of the same wherever found, and said receiver is hereby ordered to sell said property in the same manner as if sold on execution, and to give the purchaser a bill of sale of the same, and that upon the return of his proceedings, plaintiff have judgment against the defendant, E. E. Manderville, for the amount unpaid by sale of partnership property aforesaid, and it is further adjudged that plaintiff have judgment against each of the defendants for the costs of this action, taxed at $22.95, and that execution issue accordingly." On the 8th day of October, 1885, the receiver did make a return, and reported the amount to apply on judgment was $135.05 and which was applied thereon. By decree immediately upon return of receiver's proceedings, Thomas J. Whitcomb was to have judgment for the amount unpaid by the sale of the partnership property, so by this decree we find that on October 8, 1885, Thomas J. Whitcomb had a judgment for $1,700.00 with interest from June 26, 1885, less the sum of $135.05 applied by receiver. His Honor, Judge Copes, holds, however, that the receiver did not sell all of the goods and chattels ordered to be sold, and that the plaintiff was not entitled to judgment until this was done. The record shows instructions to receiver were that he was to take charge of the assets, property, etc., of the firm of Manderville & Whitcomb wherever the same may be found, and for that purpose search for, collect and take possession of the same wherever found, and then sell them. Apart from that the law presumes that, "The presumption is always in favor of the correct performance of his duty by an officer, and every reasonable intendment will be made in support of such presumption." Throop on Public Officers, sec. 559. Also by the same author, the presumption is that no official person,

acting under oath of office, will do aught which is against his official duty to do, or will omit aught which his official duty requires to be done.   "All persons are presumed to have duly discharged any duty imposed by law."   *Douglass v. Owens,* 5 Rich, page 536.

By examination of Nebraska records, it will be found that Whitcomb alleges that Deyo is in possession of the assets and is about to dispose of the same.   Manderville later under oath, asserts that said chattels specifically described have already been sold, and that officers cannot find them, and again in his sworn answer says, "that the property has been sold."   The Nebraska Court recognized the fact that the property and assets of the firm of Manderville & Whitcomb had been taken away and secreted, and the order to recover was to sell what he could find.

Plaintiff introduced the following law from the Nebraska Annotated Code, sec. 1019, which reads: "If when a cause of action accrues against a person he be out of the State, or should have absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he come into the State, or while he is absconded or concealed; and if after the cause of action accrues he departed from the State or absconds or conceals himself, the time of his absence or concealment, shall not be computed as any part of the period within which the action must be brought."   The complaint in this case alleges, that shortly after rendition of judgment in Nebraska, defendant left that State and has remained absent ever since.   Defendant in his answer herein admits that about the year 1885, he departed from Nebraska and has been absent therefrom ever since.   The Nebraska record shows that execution was duly issued upon judgment on June 23, 1890, which was returned wholly unsatisfied on June 26, 1890.   That an *alias* execution was issued on judgment on April 2, 1895, which was returned wholly unsatisfied on April 6, 1895. That on March 21, 1900, a *pluries* execution was issued on

said judgment and returned wholly unsatisfied on March 24, 1900, and on February 21, 1905, a second *pluries* execution was issued thereon, and was returned wholly unsatisfied on February 25, 1905. From this it will be seen that there was sufficient testimony on the part of the plaintiff to prevent the granting of a *nonsuit* and we think his Honor, Judge Copes, was in error in so doing. He was in error in granting it on the grounds he based his order on. Neither can his order of *nonsuit* be sustained on additional grounds relied on by defendant.

It is the judgment of this Court that the judgment of *nonsuit* appealed from be reversed and the case remanded for trial.