8753

## CUNNINGHAM v. COLUMBIA, NEWBERRY AND LAURENS RAILROAD.

1. CARRIER—PASSENGER—ISSUES.—That a passenger knew a train had formerly stopped at a street crossing to let off passengers; that the conductor assured him it would stop there; that when the train slowed down for the crossing he went out on the steps to get off and was thrown down by a sudden jerk of the train, carries to the jury the issues of negligence, wilfulness and contributory negligence.

2. IBID.—A CONDUCTOR of a passenger train may bind the carrier by promising a passenger that the train would stop at a street crossing. Here the city ordinance required the train to stop at the crossing in question.

3. PUNITIVE DAMAGES—VERDICT.—Where a verdict is for actual damages only, alleged error in failing to direct a verdict for punitive damages does not arise.

Before DEVORE, J., Laurens, July, 1913. Affirmed.

Action by L. H. Cunningham against Columbia, Newberry and Laurens R. R. Co. Defendant appeals.

*Messrs. Lyles & Lyles* and *Dial & Todd,* for appellant.

*Messrs. Lyles & Lyles* cite: *Ordinance as to stopping trains at crossings is not for passengers alighting:* 66 S. C. 528; 111 N. W. 390; 4 Elliott 1624a. *Conductor had no authority to bind company by promise to stop:* 1 Elliott, sec. 302; 67 Fed. 522; 1 Elliott Ev., sec. 72. *Contributory negligence by plaintiff:* 85 S. C. 216; 81 S. C. 100; 58 S. C. 495; 90 S. C. 414; 61 S. C. 468.

*Messrs. Richey & Richey,* contra, cite: *Plaintiff was not negligent:* 61 S. C. 345; 62 S. C. 130. *Authority of conductor to stop:* 75 S. C. 355.

March 18, 1914. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This action was for actual and punitive damages brought by the plaintiff against the defendant for $10,000, for alleged personal injuries to the plaintiff's foot, incurred at Fleming street crossing, in the city of Laurens. Plaintiff alleged that his injury was due to the careless, negligent, wrongful, wilful, and unlawful acts of the defendant in not causing its train to come to a full stop at Fleming street crossing, so that plaintiff could alight from the train, after he had been told by the defendant's conductor that the train would stop at said Fleming street crossing, and that it would be all right for the plaintiff to alight therefrom at that point. The defendant answered said complaint, and denied the material allegations of the same, and set up as a further defense the plea of contributory negligence. The cause was heard before his Honor, Judge DeVore, and a jury, at the July term of the Court, 1913, for Laurens county. When the evidence was all in the defendant moved to direct a verdict for the defendant, which motion was refused, and the jury found a verdict for the plaintiff for five hundred dollars, actual damages. After entry of judgment defendant appeals, and, by its exceptions, raise three questions for the consideration of the Court.

First: That there was no evidence of promise to stop the train so that plaintiff could alight. This exception must be overruled, as there was evidence that the plaintiff asked the conductor if he was going to stop the train at the crossing, near the company store, at the old mill, and he was informed by the conductor that he intended to stop, and plaintiff informed conductor that he intended to get off there, and was told by the conductor it was all right. Plaintiff further said that when he lived at Laurens the trains stopped at this point and passengers were accustomed to get off there, and that he had seen a good many get off there; that he had gotten off there before; that because McCain, the conductor, told him that

he was going to stop as usual, and when the train got about the crossing and slowed down he went out on the steps to get off when it stopped. When it slowed down he was on the lower step and the train gave a jerk and threw him off. This was sufficient to carry the case to the jury for them to determine whether or not he was there to alight by reason of the promise made by the conductor, within the scope of his authority, and for the jury to determine whether or not he was guilty of any negligence in putting himself in the position he was in by reason of what had passed between him and the conductor, and whether or not, if the train had come to a full stop, as the ordinance of the city required, he would have been injured. If there was a violation of the ordinance, it was negligence *per se*. *Whaley* v. *Ostendorff,* and cases therein cited, 90 S. C. 283, 73 S. E. 775.

Standing on the steps, as plaintiff was at the time of the injury, under all the facts and circumstances proven in the case, was not such negligence *per se* that no other inference could be drawn but that plaintiff was negligent, and his negligence contributed to his injury as a proximate cause, but it was for the jury to say, under all of the facts and circumstances of the case, whether his injury was due to the negligence of the defendant, and whether or not the negligence of the defendant was the sole cause of his injury, or whether the plaintiff's negligence in any manner contributed to his injury as a proximate cause, in which latter event he, the plaintiff, would not be entitled to recover, and in the former he would. If by reason of misinformation by the conductor that he would stop the train at this point, and the conductor had been informed by the plaintiff he intended to get off there, and the conductor told him it was all right and failed to stop the train after this, and the passenger, relying on this information, attempts to get off of the train, the carrier under these circumstances would be liable in damages, provided

there was no contributory negligence on the part of the party injured as a proximate cause.

In the case of *Wilcox* v. *Southern Railway Co.*, 91 S. C. 71, 74 S. E. 122, it was held: "Where a conductor misinforms a passenger as to the schedules on his own road the carrier is liable for any actual damage resulting to the passenger therefrom," and in the same case it was held: "It is within the scope of duty of a ticket collector, from the evidence here, to inform a passenger as to the schedule of trains on his own road * * * Whether the minisformation given a passenger by the ticket collector as to the schedule of a train was mere inadvertence, or reckless, or wanton, under the proof, was a matter for the jury." There is no question in this case but that Conductor McCain was in charge of the train and acting in the scope of his authority when he stated that the train would stop at Fleming street crossing, and was informed by the plaintiff that he proposed to get off there.

"The standing of a passenger on a platform of a moving coach is not *per se* negligence * * * Whether a passenger is guilty of negligence in alighting from a passenger train running at full speed, depends upon the facts of the particular case, and is a question for the jury. *Doolittle* v. *Southern Railway,* 62 S. C. 130, 40 S. E. 133."

The second question raised by the appeal is, that the conductor had no authority to bind the company by a promise to stop. This is disposed of by what has already been said, and the additional reason that the ordinance of the city of Laurens required the train to come to a full stop at this Fleming street, and the passenger had every reason to assume that the conductor in charge of the train knew where the train would and would not stop as to the places required by the schedule or law for it to stop. There was no violation of State or Federal statute for it to stop at Fleming street crossing.

The third question contended for by appellant here is, that the plaintiff's contributory negligence should defeat his recovery; this is disposed of by what has been heretofore said. From all the evidence and circumstances in the case it cannot be said, as a matter of law, that the plaintiff was guilty of contributory negligence so as to prevent a recovery by him. This was properly left to the jury for their determination.

Lastly, as to the point that the Judge refused to direct a verdict as to punitive damages, it is sufficient to say that this is not properly before the Court, by reason of the fact that the jury's verdict was only for actual damages.

All of the exceptions are overruled, and judgment affirmed.