12575

BOGGS-TATE CO. v. BISHOP

(146 S. E., 677)

70

*Mr. H. P. Burbage,* for appellant,

*Messrs. Hodges & Leatherwood,* for respondent,

February 6, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

In the year 1923, one G. C. Epps, of Greenville County, died intestate, leaving a widow and several minor children. The widow duly obtained letters of administration, and within twelve months thereafter Boggs-Tate Company filed a claim against the estate. The claim being contested, a hearing was had before Mrs. Scott, the Judge of Probate, on December 14, 1926, for the purpose of determining its validity. At this hearing the taking of testimony in writing was waived, the attorneys having decided that they would agree upon a statement of facts in case of an appeal.

On December 28, 1926, the Judge of Probate filed a written order sustaining the claim and holding that the widow and children of the deceased were entitled to homestead exemption in the sum of $500.00 out of funds in the hands of the administratrix "derived from foreclosure proceedings against her deceased husband's land." On December 30, 1926, the attorney for the administratrix filed notice of intention to appeal, and grounds of appeal, from this order, which notice and grounds were duly served on the same day. The substance of the grounds of appeal was that the testimony did not warrant the Probate Court in allowing the claim, and that the Court should have set aside a homestead exemption in the sum of $1,000.00 or $1,500.00 instead of $500.00.

On January 31, 1927, the attorneys for the company duly served upon the attorney for the administratrix a notice that they would apply to his Honor, Judge DeVore, presiding Judge, at Greenville, S. C., on Monday, February 7, 1927, for an order dismissing the appeal upon the grounds, and for the reason that the appeal had not been perfected in compliance with the statute. On February 1, 1927, the attorney for the administratrix wrote a letter to the Probate Judge requesting her to let him have a copy of the records of the hearing on the claim.

On February 7, 1927, the motion to dismiss the appeal was argued before Judge DeVore; the only question raised being whether it should be dismissed because the statute had not been complied with in perfecting the appeal, inasmuch as the appellant had not filed in the Circuit Court a certified copy of the Probate Court's records in the case. On the same day, and also immediately thereafter, the attorney for the administratrix requested the Probate Judge to furnish certified copies of the record, but the Probate Judge informed him that she did not consider it her duty to prepare them.

On April 13, 1927, Judge DeVore filed an order dismissing the appeal. From this order the administratrix appeals to this Court upon six exceptions, which it is unnecessary to report *verbatim*. Her contentions are thus stated in the argument of her counsel:

"First, that Section 187 was complied with—notice and grounds were served within fifteen days; second, that appellant had at least a reasonable time in which to perfect appeal, and certainly had until the convening of the Circuit Court on February 7th, or during the session of that Court, in which to comply with the provisions of the statutes in reference to appeals from Probate Court to the Circuit Court; third, that appellant had made every effort to procure a certified copy of the proceedings below, but failed to obtain same, through the utter indifference of the inferior Court; fourth, that the Circuit Judge could have through his discretion ordered the lower Court to furnish the record and thus have disposed of the case on its merits—especially since it had been shown that appellant had made efforts to procure a copy of the proceedings below; fifth, that respondent was not entitled to have the appeal dismissed on technical grounds unless the case had been called on its merits; sixth, that the appellant on the first day of Court should have been given sufficient time in which to procure said record—even though an order of the Circuit Court was necessary to obtain same."

Sections 187 and 188 of the Code of Civil Procedure are as follows:

187. "Any person interested in any final order, sentence, or decree of any Probate Court, and considering himself injured thereby, may appeal therefrom to the Circuit Court in the same County, at the stated session next after such appeal. The grounds of appeal shall be filed in the office of the Probate Court, and a copy thereof served on the adverse party, within fifteen days after notice of the decision appealed from."

188. "The person appealing shall procure and file in the Circuit Court to which such appeal is taken a certified copy of the record of the proceedings appealed from, and of the grounds of the appeal filed in the Probate Court, together with the proper evidence that notice has been given the adverse party according to law."

The appellant's first contention is without merit. As we understand the matter, appellant complied with Section 187 of the Code, but the order of the Circuit Judge dismissing the appeal was based on her failure to comply with Section 188.

As to the time allowed for entering an appeal in the Circuit Court, this Court, in *Fultz v. McKnight,* 125 S. C., 115, 118 S. E., 37, said:

"We think the clear intendment of the Code, as suggested in *Ex parte Apeler, supra,* is to require the entry of the appeal by the filing of the return, that is, the certified record, etc., before the 'stated session' of the Circuit Court 'next after such appeal.' The right of appeal is statutory *(Rylee v. Marett,* 121 S. C., 366, 113 S. E., 483), and, in the light of the definite statutory provisions as to the time for perfecting appeals from other Courts, no presumption is to be indulged that the Legislature intended to leave the entry in the Circuit Court of an appeal from the Probate Court wholly indefinite as to time. The construction here given the statute, that the entry of the appeal by the filing of the certified rec-

ord, etc., before the stated session of the Circuit Court next after such appeal, is the requirement contemplated by law, need entail no unusual hardship upon litigants. The appealing party is allowed 15 days after notice of the Probate Court's order or decree to serve notice of appeal, etc. When such notice is received within less than 15 days of an approaching session of the Circuit Court, by deferring the service of notice of appeal to as late a day as possible within the limits of the 15-day period available, the next stated session need not be the one immediately following the filing of the Probate decree. If the approaching session is more than 15 days away, the time available, that is, 15 days or more, should be ample to enable a diligent appellant to get the certified copy of the record filed in the Circuit Court."

It appears from the record in the present case that the appellant did not file in the Circuit Court "a certified copy of the record of the proceedings appealed from," etc., prior to the convening of the Circuit Court on February 7, 1927, the next "stated session" after the appeal from the Probate Court, but it does not appear that her right to do so was ever denied, and so we find no ground upon which her second contention can be sustained. She contends, however, that she attempted to procure a certified copy of the proceedings in the Probate Court, but failed to obtain same through the indifference of that Court. The record does not justify that contention. Section 165 of the Code of Civil Procedure provides:

"The Clerk of the Court of Probate shall keep a true and fair record of each order, sentence, and decree of the Court, and of all other things proper to be recorded; and on the legal fees being paid, shall give true and attested copies of the files and proceedings of the Court. All copies so attested shall be legal evidence in the Courts of this State."

So far as is shown by the case, appellant's attorney requested the Probate Judge to furnish the certified copies, but did not pay the fees therefor. The appellant's right to

obtain such copies is contingent upon the payment of the fees. If appellant had paid or made tender of the fees and the Probate Judge had refused to "give true and attested copies of the files and proceedings of the Court," she would have had a clear remedy by mandamus to compel that Court to do so. We cannot sustain the contention, therefore, that she failed to obtain these copies through the indifference of the Probate Court.

It seems that the appellant, by her fifth contention, takes the position that, although she had failed to perfect the appeal as required by law, the respondent was not entitled to have it dismissed until the case was called on its merits. It is not necessary to discuss this contention. It is common practice in Appellate Courts to hear motions to dismiss appeals on such grounds before they are heard on their merits. The reason for this is obvious: If the appeal should be dismissed for the reason that it has not been perfected as required by law, there would be no occasion to hear it on its merits—practically, the appeal does not exist.

The appellant further contends, in effect, that the Circuit Judge should have extended beyond the first day of the Circuit Court the time for her to procure copies of the Probate Court records, and should have directed that Court to furnish the records so that the case might have been disposed of on its merits. It does not appear from the case that the appellant made any application to the Circuit Court for additional time in which to obtain the certified records or sought the aid of the Court in procuring such records, so that she is not in position to impute error to the Circuit Judge in these respects. A statement of fact appearing only in the exceptions will not be considered by this Court.

Counsel for appellant relies on the case of *Davenport v. Davenport,* 61 S. C., 389, 39 S. E., 548, as supporting his position. It is only necessary to point out that the present case does not involve the amendment of a defective certifi-

cation of the record of the proceedings appealed from, as did the *Davenport case,* but involves the entire absence of such certification.

We find no merit in any of the exceptions, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN and BLEASE, and MR. ACTING ASSOCIATE JUSTICE C. J. RAMAGE concur.

MR. JUSTICE CARTER did not participate.