12666

BANNISTER v. BANNISTER *ET AL.*

(148 S. E., 228)

*Mr. L. A. Hutson,* for appellant,

*Messrs. Wolfe & Berry,* for respondents,

May 20, 1929.

The opinion of the Court was delivered by Mr. Justice Stabler.

As we gather from the record, Ivory Bannister and Carrie Nix were married on March 10, 1892, and lived together thereafter for some time at Orangeburg, S. C., where a son, Fred Bannister, the respondent in this case, was born to them. About 2 years after the marriage they separated, and Carrie went back to her former home in Blackville, about 40 miles from Orangeburg. Subsequently, on May 4, 1900, Ivory married Mary Watt, who was then about 17 years of age. Ivory's first wife was alive at the time of the second marriage, and lived thereafter until 1912. Ivory and Mary lived together, before and after the death of Carrie, until a

few years prior to Ivory's death, when, on account of his reprehensible conduct, they separated. He died about September, 1924, leaving a will, by the terms of which he devised and bequeathed to his son Fred all his estate of every kind, except a small legacy of $100 given to a church.

This action was brought by the plaintiff, Mary Watt Bannister, the alleged second wife, for the purpose of having the will declared invalid to the extent of three-fourths of the devise of the property to.Fred Bannister. Her contention was that Fred was the illegitimate son of Ivory; that, in devising and bequeathing to him practically the entire property, Ivory attempted to evade the statute law of the State (Section 5347, of Civil Code of 1922); that Fred, as the illegitimate son of the testator, could take only one-fourth of his father's property under the law; and that she, as the lawful wife and widow of the deceased, was entitled to the remaining three-fourths.

The defendant's position was that Fred was Ivory's legitimate son and was seized in fee of the real estate involved, and that the plaintiff was not and had never been the lawful wife of the testator and had no right or interest in or to his property.

The case was referred to the Master for Orangeburg County, who found that Fred was the legitimate son and Mary the lawful wife and widow of the deceased, Ivory Bannister, and that Mary was entitled to one-third of the real estate in question for life or one-sixth of its value, as her dower therein. Both parties excepted to the Master's report, and the matter was heard by his Honor, Judge Johnson, who passed an order confirming the report in all particulars, except as to the finding that Mary was the lawful wife of Ivory and entitled to dower in his real estate. With respect to that question, the Circuit Judge held that the marriage of Mary and Ivory was void, and gave judgment disallowing her claim and right of dower.

The plaintiff now appeals from the order of the Circuit Court, the sole question presented by the exceptions being, Was Mary Bannister the lawful wife of Ivory Bannister, and is she entitled to dower in his real estate?

In the case of *Davis v. Whitlock*, 90 S. C., 233, 73 S. E., 171, Ann. Cas., 1913-D, 538, relied upon by the appellant, Mr. Justice Woods, who wrote the opinion of the Court, said: "The tendency of the Courts of this country is * * * to hold that where the relation began as meretricious, it can not be converted into a marriage by the mere removal of the obstacle to marriage without some subsequent agreement to be husband and wife. But the authorities are unanimous in holding that if a man and woman enter into a contract of marriage, believing in good faith that they are capable of entering into the relation notwithstanding a former marriage, when in fact the marriage is still of force, and after the removal of the obstacle of the former marriage the parties continue the relation and hold themselves out as man and wife, such action constitutes them man and wife from the date of the removal of the obstacle."

The facts of the present case, however, differentiate it from the *Whitlock case*. In that case, the marriage was contracted by the parties in good faith. At the time of the marriage of Davis and Mrs. Whitlock, her former husband, Whitlock, had been absent for more than 7 years and she had not heard from or of him during that time and did not know whether he was living; Davis did not know of the former marriage. They continued to live together as husband and wife during the lifetime of the former husband, having no knowledge that he was alive, and such relation continued after his death. Under these circumstances, the Court declared that, the obstacle of the former marriage having been removed by the death of Whitlock, and the parties having continued to live together and to hold themselves out as man and wife, such action constituted them husband and wife from the date of Whitlock's death.

In the case at bar, whether or not Mary knew of the first marriage is the subject of an exception and was argued on appeal, but for the decision of the case the point is immaterial, for the reason that lack of good faith on Ivory's part in contracting the second marriage is conclusively shown. He married the second time in less than 7 years after the separation from his first wife, there being undisputed testimony to the effect that he lived with Carrie at least 2 years before they parted, and there is nothing whatever tending to show that he had any reason to believe that she was dead. In fact, it would be a reasonable conclusion that he knew for a certainty, at the time of the second marriage, that his first wife was still living, there being testimony that for some years after the separation both Fred and Carrie visited Ivory at Orangeburg, and that he visited them in Blackville, and contributed to the boy's support.

The second marriage being thus meretricious in its inception, the status thereby created continued, even though the obstacle was removed by Carrie's death, unless changed by some subsequent agreement on the part of Ivory and Mary to be husband and wife. *Davis v. Whitlock, supra.* It not appearing that any such agreement was made by the parties, the Circuit Judge was correct in holding that Mary was not the legal wife of Ivory and therefore is not entitled to dower in his real estate.

The order appealed from is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.