13001

LEMON *ET AL.* v. LEMON *ET AL.*

(155 S. E., 285)

December, 1929.

*Mr. N. J. Frederick,* for appellants,

*Messrs. James B. Murphy* and *George A. Wittkowsky,* for respondent,

October 15, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, commenced in the County Court of Richland County, June 1, 1929, is for the purpose of nullifying the provisions of the will of Henry Lemon, deceased, alleged husband of the plaintiff, Sally Lemon, and father of the other plaintiffs, Luther Lemon, Ramsley Lemon and Rehovia Lemon, and also, father of the defendants, Eliza Jessie Mae Lemon and Germania Lemon, upon the ground that the said will is contrary to Section 5217, Vol. 3, Code of Laws 1922.

Issues being joined, by agreement of counsel representing the parties the cause was referred to Hon. J. C. Townsend, Master for Richland County, who, after taking the testimony offered, reported the same to the Court, together with his decision of the issues involved, upholding the contention of the plaintiffs. From the Master's report the defendants appealed to the said County Court, and the matter was heard by His honor, M. S. Whaley, Judge of said County Court, who affirmed the Master's report and issued an order to that effect. From the said order of Judge Whaley and judgment in the cause the defendants have appealed to this Court, on exceptions which will be reported.

The Master's report, which contains a statement of the issues involved, is as follows:

"1. The above-entitled case came on for a hearing before me under order of reference heretofore handed down in this case in regard to the settlement of a dispute between the plaintiffs and the defendants, as to their respective interests in certain real estate, of one Henry Lemon, deceased, who died on December 25th, 1927, which he was seized and possessed of at the time of his death. The real estate lies in the County and State aforesaid, and is described as follows:

"Two adjoining lots on Tobacco street, known as 1721-1725 Tobacco street, being approximately 52x208 feet on which is situated three buildings; said lots being on the

North side of Tobacco street, between Henderson and Barnwell streets, and being bounded South by Tobacco street; East by lot now or formerly of Stork; North by lands now or formerly of Mimnaugh, and West by lot now or formerly of Anderson; said property having been conveyed to Henry Lemon by two deeds recorded in the office of the Clerk of Court for Richland County in Book "BD," page 387, on July 10th, 1910, and Book "AM," page 190, on December —, 1905.

"2. I find that all of the parties having an interest in this realty were properly served, and were before the Court.

"3. That plaintiffs base their claim to the said realty on the grounds that Sally Lemon was the lawful wife of Henry Lemon; that they had been married at St. Matthews about the year 1892, and that the other plaintiffs, Luther Lemon, Ramsley Lemon, and Rehovia Lemon are the lawful issue of this marriage. On the other hand, Eliza Jessie Mae Lemon and Germania Lemon, minors, by their guardian, set up the contention that Sally never was the lawful wife of Henry Lemon; that at the alleged marriage of Sally and Henry in 1892, Sally had a living husband, and that Henry Lemon married Beulah Harris on December 28th, 1910, and that the minor defendants above mentioned are the lawful issues of this marriage; that Henry Lemon by his will, which is duly admitted to probate and on record in the office of the Judge of Probate for Richland County in Box 10,373, package 335; the Letters of Administration, C. T. A. having been issued April 20th, 1928, willed the said property to Beulah for life, and after her death to the said minor defendants, and that the said Beulah is now dead and the children are entitled to the aforesaid property.

"4. I have considered the testimony in the case and report from the findings of same, as follows:

"(a) That Sally Lemon (who before her marriage was Sally Williams) did not have a living husband in the year 1892, and that during that year she became the lawful wife

of Henry Lemon, having been duly married to the said Henry Lemon in St. Matthews, S. C. I further find that the plaintiffs, Luther Lemon, Ramsley Lemon and Rehovia Lemon are the lawful issue of this marriage.

"(b) I further find from the testimony, that Elias Washington, the alleged first husband of Sally Lemon, died in 1902; and that Henry and Sally Lemon lived together continuously for a period of 19 or 20 years thereafter; that they lived together for eight or nine years after the death of Elias Washington, and that regardless of whether or not the original marriage of Sally and Henry Lemon was valid, that by virtue of the number of years which they spent together, as husband and wife, the mantle of legality was cast over the relations of Sally and Henry Lemon, and that having held thus out as man and wife, and having children born to them, that even though she had been previously married to Elias Washington (which I do not find as a matter of fact, from the testimony offered), under the laws of the State of South Carolina, their union is valid and that the birth of their children above named, became legal.

"(c) I further find from the testimony that Henry Lemon died leaving a will devising the property hereinabove described to one Beulah Lemon, for life, and after her death to the minor children (defendants), Jessie May Lemon and Germania Lemon. I further find that Henry Lemon attempted to marry Beulah Lemon in 1910 when he had a living wife and three living children, and that under Section 5347 of the Code of Laws of South Carolina, 1922, Vol. 3, so much of the devised property to the said illegitimate children as exceeds a one-fourth part of Henry Lemon's estate and personalty, and that said devise was null and void; and as to the said three-fourths remaining interest therein, the said Henry Lemon died intestate.

"(d) I further find that the property is not subject to an equitable division, and I would therefore, recommend that

the said property be sold at public outcry and the proceeds thereof be distributed in the following manner:

"(1) One-fourth to Germania Lemon and Eliza May Lemon.

"(2) One-fourth to Sally Lemon.

"(3) One-half to Luther, Ramsley and Rehovia Lemon, the children by his legal wife, Sally Lemon, share and share alike.

"(e) I further recommend that an accounting be duly made by the executor of the said will, for such rents and profits as have accrued from the said estate since his taking charge, and that the said rents and profits after deducting taxes, expenses, etc., be divided among the respective heirs as is above outlined.

"(f) I further recommend that when said property be sold, that the costs and disbursements of this action be paid out of the proceeds of said sale.

"J. C. Townsend, Master for Richland County."

We are unable to agree with the conclusion reached by the Master and Judge Whaley. Under our view of the evidence in the case, we cannot escape the conclusion that, at the time of the alleged marriage of the woman, Sally, to Henry Lemon, Sally had a living husband, Elias Washington, to whom she was lawfully married several years prior to the time of the alleged marriage with Henry Lemon. Therefore, the marriage of Sally to Henry Lemon was unlawful. Later Elias Washington died, and it appears from the record that Sally and Henry Lemon continued to live together as man and wife for some time after the death of Elias Washington, but, so far as the record discloses, there was no subsequent marriage contract and no subsequent agreement between Sally and Henry to be husband and wife. Furthermore, there is nothing in the record tending to show that at the time of the alleged marriage of Sally and Henry these parties acted in good faith, believing that they were capable of entering into the marriage relation. On the other hand, it appears

that they knew Sally had a living husband. There is no evidence that Elias Washington was at that time dead, or that either Sally or Henry had reason to believe he was dead. The case at bar is governed by the recent case of *Bannister v. Bannister*, 150 S. E., 411, 148 S. E., 228.

The appeal is therefore sustained, the order and judgment appealed from reversed, and the complaint dismissed.

MESSRS. JUSTICES COTHRAN, BLEASE, and STABLER, and MR. ACTING ASSOCIATE JUSTICE MENDEL L. SMITH concur.