16025

HOWELL v. LITTLEFIELD *ET AL.*
(46 S. E. (2d) 47)

*Messrs. Wyche, Burgess & Wofford,* of Greenville, for Appellant,

*Messrs. J. D. Lanford, W. E. Bowen,* and *Williams & Henry,* all of Greenville, for Respondents,

464

December 30, 1947.

STUKES, J.: Joel Clarence Berry of Greenville County died in 1945 leaving his will dated December 29, 1932. He was survived by two daughters, to whom the will contained bequests of $100.00 each, with the balance of his property, real and personal, to his two sisters and two brothers in equal shares, and one of the sisters was appointed as executrix. In such capacity she is the appellant here. Testator's children are the sole respondents.

Whether there is a surviving widow of testator, Laura Williams Edwards Berry, to whom he was married at Pickens Court House on October 5, 1942, was an issue of fact which was concluded in the affirmative by the verdict of the jury at the trial in the lower court. Testator's first wife, the mother of respondents, died several years before his second marriage in 1942.

The will was proved in common form in the Probate Court on May 16, 1945. On September 4th following, respondents gave notice that they required that the will be proved in due form of law. Sec. 8932, Code of 1942. Thereupon the executrix. filed petition therefor and it and a summons were served upon respondents. The latter filed a return or reply in which they denied that the instrument propounded by the petitioner was the will of their father, and that if it was executed by him it was the result of undue influence, etc., and finally that if executed it was, quoting, "revoked and made null and void during the lifetime of Joel Clarence Berry,

after which the same ceased to be of any force as the last will and testament of the said Joel Clarence Berry". After hearing the testimony the Probate Court sustained the will and order was filed on May 6, 1946. On May 15th following, notice and grounds of appeal of the present respondents to the Court of Common Pleas were served upon counsel for petitioner and upon the Probate Judge. Code, Sec. 230. Upon call of the case in the Court of Common Pleas on January 27, 1947, counsel for the executrix, the proponent of the will, moved before the court, without prior notice, that the appeal from the Probate Court be dismissed upon the ground that there had been filed in the Court of Common Pleas no return of the proceedings and judgment in the Probate Court, as required by Code Sec. 231, whereby the Court of Common Pleas was without jurisdiction. During the argument of the motion the Probate Judge filed his proper return. Thereupon the court overruled the motion to dismiss the appeal and continued the case beyond the term.

Beginning March 24, 1947, the issue of will or no will was tried by jury in the Court of Common Pleas and resulted in a verdict of "no will", which the court confirmed by formal decree. From verdict and judgment this appeal was taken.

The third and fourth questions presented relate to the facts. If testator was legally married after the execution of his will and the wife survived without provision for her, as here, the will was thereby revoked. Code Sec. 8922.

Appellant contended that the widow was incapacitated to contract a legal marriage with testator in 1942 and that the license and ceremony was therefore void. She, then a widow, undertook in 1932 to marry one Crisp who had come to her Greenville County neighborhood from North Carolina. It turned out that he had a living wife there (with whom he kept in contact and attended her funeral in 1938) so that this attempted marriage was void. However, appellant adduced evidence to the effect that after the death

of Crisp's wife in North Carolina he and the subsequent widow of testator lived in the relation of common law marriage and that he is still alive so that testator's widow was Crisp's wife in 1942 and therefore incompetent to marry testator. Crisp's existing marriage in North Carolina incapacitated him, of course, to contract another marriage, so his and the present widow's relation prior to his wife's death was unquestionably illegal. After the removal of the barrier by his wife's death the continued relation could not ripen into valid common law marriage without a new, mutual agreement therefor. *Bannister v. Bannister,* 150 S. C. 411, 148 S. E. 228; *Lemon v. Lemon,* 158 S. C. 71, 155 S. E. 285.

The latter was negatived by his deposition and by a part, at least, of the testimony of the widow. Evidence contra was adduced by appellant. This raised an issue of fact which was for solution by the jury, under proper instructions by the court. There is no criticism of the court's charge to the jury; and the verdict determined the fact. There was, therefore, no error thereabout and the court properly overruled appellant's motion for a directed verdict in her favor.

The first question submitted by appellant concerns procedure and imputes error in the refusal of the Court to sustain her motion to dismiss the appeal from the Probate Court because of the failure of the latter to file return in the Court of Common Pleas before the appeal to that court was called for trial. The pertinent statute as it existed prior to 1939 was as follows, copied from the Code of 1932: "Sec. 231. The person appealing shall procure and file in the Circuit Court to which such appeal is taken a certified copy of the record of the proceedings appealed from, and of the grounds of the appeal filed in the Probate Court, together with the proper evidence that notice has been given the adverse party according to law".

This statute put the burden upon appellant to procure from the Probate Court a certified copy of the record and file it in

the Circuit Court., There being no time specified for such it was held that it must be by the time of the "next stated session" of the circuit court, to which appeal was allowed by the next preceding section of the Code. Application of the statute in this form resulted in hardships upon appellants who had served and filed notices of appeal in good faith. Their appeals were dismissed for lack of filing of the records in the circuit court. *Fultz v. McKnight,* 125 S. C. 115, 118 S. E. 37; *Boggs-Tate Co. v. Bishop,* 149 S. C. 69, 146 S. E. 677.

The code was amended by Act No. 71 of 1939, 41 Stat. 111, by revision of the quoted section so that it now is as incorporated in the 1942 Code, as follows: "Sec. 231. Within thirty (30) days after such grounds of appeal being filed in the office of the probate court, as provided in section 230, the probate court shall make a return to the appellate court of the testimony, proceedings and judgment and file the same in the appellate court. Such return may be compelled by attachment. Upon the appeal being finally disposed of, all such papers included in the return shall be returned to the probate court".

It is seen that an important effect of the amendment was to relieve the appellant of the burden and expense of procuring a certified copy of the record and filing it in the appellate court. Instead it was made the duty of the probate court to file the originals comprising the record, which shall constitute the return to the appellate court. The filing shall be within thirty days after filing in the probate court of notice and grounds of appeal and may be compelled by attachment. There is no provision for penalty upon appellant for failure of the probate judge to perform his duty under the statute. It is undisputed in this instance that the probate court's delay was due to mere oversight and the return was filed as soon as the situation was brought to the judge's attention, indeed before arguments upon the motion to dismiss were concluded. The motion was properly denied. The decisions to which we have referred, relied upon by appellant,

are no longer controlling in view of the statutory amendment of 1939, *supra*.

The appellants from the judgment of the Probate ■ Court who are the respondents here, having complied with Sec. 230 of the Code respecting the taking of their appeal to the Court of Common Pleas were entitled to rely upon the presumption that the judge of probate would perform his duty in the time required by the provisions of Sec. 231; and the presumption continued until knowledge of the neglect was acquired. " 'The presumption is always in favor of the correct performance of his duty by an officer * * *.' Throop on Public Officers, § 559. Also by the same author; 'The presumption is that no official person, acting under oath of office, will do aught which is against his official duty to do, or will omit aught which his official duty requires to be done.' " *Whitcomb v. Manderville*, 90 S. C. 384, 73 S. E. 775, 777. Other similar South Carolina decisions are collected in 14 S. E. Dig., Evidence, Key No. 82, 83.

The foregoing question has been considered and determined upon the merits of it, which possibly should not have been done. It might have been overruled upon the ground that appellant did not proceed pursuant to the applicable statute, and of course the entire procedure is statutory. The method by which an unperfected appeal from the Probate Court to the Court of Common Pleas may be terminated is prescribed by section 234, which was not followed in this case. It is as follows: "If the person appealing from the proceedings of the probate court, as provided in this title, shall neglect to enter his appeal, the circuit court to which such appeal shall be taken, on motion, and producing attested copies of such appeal by the adverse party, shall affirm the proceedings appealed from, and may allow costs against the appellant".

The last question for determination, the second stated ■ in appellant's brief, is whether the trial court should have admitted evidence of the marriage of testator in

1942 in view of the general allegation in the return of the respondents in the probate court which has been quoted, to the effect that the purported will was "revoked and made null and void during the lifetime" of testator. It is noted that there was no allegation of the ground of the stated revocation, which it developed in the trial in the probate court was the marriage of testator subsequent to the execution of the will. There was no motion by appellant to require the pleading to be made more definite and certain and issue was joined thereon in the probate court. Evidence was offered in the trial there of the marriage, indeed the widow testified, and decision upon the merits was made, without reference in the judgment of the Probate Court to any controversy between the parties as to the competency of this evidence.

The order of the Probate Court, in which it was held that the widow was the common law wife of another when she married the testator, is printed in the appeal record. It was of date May 6, 1946, and the appeal therefrom was called for trial in the Court of Common Pleas on January 27, 1947, and continued until March 24, 1947. Meanwhile, in the grounds of appeal (from the Probate Court) of the present respondents, served upon counsel for the present appellant on May 15, 1946, the third was: "That the Court erred in finding as a matter of fact that the alleged instrument, if the same ever amounted to a will of the said Joel Clarence Berry, was not annulled and made void by reason of the marriage contract by the said Joel Clarence Berry and Laura Edwards Berry". And the fourth proposed issue to be submitted to the jury, served at the same time, was as follows: "Did Orlando Crisp and Laura Edwards Berry establish the relation of common law husband and wife after March 6, 1938, prior to the marriage of Laura Edwards Berry and Joel Clarence Berry?" Under these circumstances there was, of course, no element of surprise of appellant at the circuit court trial in the tendered reason for the revocation of the will, which was pleaded (as hereinabove quoted) by the respondents in the

probate court and there substantiated by proof and the adverse finding thereupon expressly challenged on appeal. See Code Sec. 490. The contention of appellant upon the point is thus quite technical. She was aware before the trial *de novo* in the Court of Common Pleas of the position of respondents with respect to the revocation of the will and had been so for the period from May, 1946, until March, 1947. Her objection to the evidence relating to the marriage, which it was successfully contended constituted, perforce the statute cited *supra,* a revocation of the will, was properly considered by the trial court in that light, and also properly overruled.

The principal purpose of all pleadings is to inform the pleader's adversary of the legal and factual positions which he will be required to meet upon trial. Liberal construction is enjoined by the code. Sec. 477. Revocation was certainly pleaded in this case. Had appellant desired to confine respondents to proof of one of the several methods of revocation, she should have moved in the Probate Court for an order requiring that the pleading be made definite and certain in that particular. Code, Sec. 478. Having instead proceeded there to trial of the issue, the later objection in the subsequent trial *de novo* in the circuit court is manifestly without merit. No authority has been cited which would tend to sustain it. The problem appears to be novel in that it is not necessary to test the sufficiency of the pleading to admit the challenged evidence in the probate court. We need only consider the propriety of the admission of the same evidence in the subsequent trial *de novo* in the circuit court, in the light of the grounds of appeal. We conclude without difficulty that it was properly admitted.

Judgment affirmed.

FISHBURNE, TAYLOR and OXNER, JJ.. concur.

BAKER, CJ. (concurring in result).

I concur in the result of the opinion of Mr. Justice Stukes, in this case.

As I view the first question submitted by the appellant, the only difference in the statute law governing appeals from a Probate Court to a Court of Common Pleas such as in this case, existing at the time of this appeal, and the appeals in the cases cited in the opinion of Mr. Justice Stukes (*Fults v. McKnight,* 125 S. C. 115, 118 S. E. 37, and *Boggs-Tate Co. v. Bishop,* 149 S. C. 69, 146 S. E. 677) is in Section 231 of the Code. It is pointed out in the main opinion that the important effect of the amendment was to relieve the appellant of the burden and expense of procuring a certified copy of the record and filing it in the appellate court. Instead, it was made the duty of the Probate Court to file the originals comprising the record, which would constitute the return to the appellate court. And it was further pointed out that the originals comprising the record must be filed in the appellate court within thirty days after the filing in the Probate Court of notice and grounds of appeal, and if not so filed, that the filing thereof may be compelled by attachment.

The main opinion further points out that there is no penalty upon the appellant for the failure of the Probate Judge to perform his duty under the statute, and that the failure of the Probate Judge to file the original papers in this case in the appellate court was a mere oversight; that when the situation was brought to the attention of the Probate Judge he immediately filed all necessary papers during the course of the argument of a motion to dismiss the appeal. The main opinion then reaches the conclusion that in view of the amended Section 231 of the Code, the cases above referred to are no longer controlling.

When we consider the fact that Sections 230 and 231 of the Code have always been construed together, and that Section 234 was left intact when Section 231 was amended, the only effect of the amendment of Section 231 of the Code was to relieve the appellant of the duty of having certified copies of the record made and filed in the Circuit Court; and fixing a definite time limit within which the Probate Judge should file the original papers. It seems to me that the main opinion

fails to give weight to a very significant portion of the amended statute wherein it is provided that should the Probate Judge fail to file the record as required, "such return may be compelled by attachment". The sentence from the statute just quoted would have no place therein unless it was intended to devolve the duty on the appellant to take proper action to compel the filing of the record if thirty days elapsed after notice of appeal and the record in the Probate Court had not been filed in the appellate court, by the Probate Judge, because the appellant necessarily had the right under the general law to proceed by mandamus if the Probate Judge refused to file the record upon the matter being called to his attention. In other words, I think that when there was inserted in the statute as amended the sentence "such return may be compelled by attachment", it was the intendment of the Legislature to place on the appellant the duty of seeing that the Probate Judge filed the record in the appellate court, and that such appellant could not rely merely upon the (sometimes violent) presumption that an official would perform his duty. It is my opinion that the cited cases are apposite, especially in view of the admitted fact that several terms of the Court of Common Pleas for Greenville County were convened and held prior to the appellant's undertaking to call this case for trial, and, of course, prior to the filing of the original record of the Probate Court in the Court of Common Pleas. I think that no duty was cast on the appellant to take any action until thirty days after the filing of notice of appeal had elapsed and the Probate Judge had failed to file the originals of the records. It was only thereafter, and within a reasonable time, that the appellant was compelled to take action by calling it to the attention of the judge of Probate that he had not filed the record in the Circuit Court, and in case of his refusal to do so, that then the duty devolved on the appellant to bring the necessary action to compel the filing thereof by the Judge of Probate.

I think, however, the foregoing notwithstanding, that the trial Judge properly refused the motion of appellant here to

dismiss the appeal of the appellants from the Probate Court to the Court of Common Pleas in that no notice of a motion to dismiss the appeal was given to the adverse party; and at the time the motion to dismiss the appeal was made, the moving parties did not produce attested copies of the record of the proceedings in the Probate Court as provided for by Section 234 of the Code of 1942, which Section is quoted in the main opinion.