## 17961

SOUTH CAROLINA NATIONAL BANK, Respondent, v.
FLORENCE SPORTING GOODS, INC., Appellant
(127 S. E. (2d) 199)

*Messrs. Peter D. Hyman* and *E. Lee Morgan, Jr.,* of Florence, *for Appellant,*

*Messrs. Willcox, Hardee, Houck, Palmer & O'Farrell,* of Florence, *for Respondent,*

September 5, 1962.

BUSSEY, Justice.

The appellant corporation, controlled and operated by one W. Jerome McCown, was engaged in the business of selling, among other things, boats, motors and trailers, and the appellant had an arrangement with the respondent bank whereby the respondent financed certain of appellant's operations on what is commonly known as floor plan financing.

This action in claim and delivery was commenced by the service by the Sheriff of Florence County of a summons and affidavit in claim and delivery, dated August 11, 1960, in which the respondent alleged the right to possession of certain boat trailers by virtue of the broken conditions of chattel mortgages and trust receipts held by the bank over said chattels.

The complaint, served subsequently, set forth nineteen causes of action, all of which have been previously disposed of except the first cause of action which pertained to a 1960 Cox boat trailer bearing serial number 19114, specifically referred to in the affidavit in claim and delivery and complaint. The chattel mortgage upon which the first cause of action was based covers a 1960 Cox trailer bearing serial

number 18163. The appellant, by way of counterclaim, alleged that the bank, without lawful or just cause or excuse and in a willful manner, and acting through the sheriff of Florence County, caused to be taken from the appellant's possession trailer number 19114, as to which trailer the bank had no interest or claim.

The respondent bank, by way of reply, alleged a substitution of trailer number 19114 for trailer number 18163 with the consent of the appellant.

Upon the trial, the cause was submitted to the jury as to both actual and punitive damages for the conversion of the appellant's trailer, and the jury returned a verdict in favor of the appellant for one hundred ninety-six dollars actual damages and one thousand eight hundred forty-seven dollars and sixty-seven cents punitive damages. The trial judge, on a motion by the respondent for a judgment *non obstante veredicto* as to the verdict for punitive damages, set aside such verdict on the ground that the evidence "was not sufficient to raise an inference that the acts of the respondent would sustain a verdict for punitive damages."

The record shows that both trailers referred to were models C. T. 15C, and that they were identically priced. Trailer number 18163 was received by the appellant during the month of June 1960, and trailer number 19114 was received by appellant on or about July 5, 1960. McCown testified that some minor changes were made at the factory between the date of manufacture of number 18163 and number 19114, for which reason he considered the last numbered trailer more readily saleable. On cross examination, however, he testified unequivocally that his position had not been affected one way or the other as a result of the taking of trailer number 19114 instead of trailer number 18163, the mortgage never having been paid.

Testimony on behalf of the bank was to the effect that on July 29, 1960, a periodic check of appellant's stock was made, at which time trailer number 18163 was not upon the prem-

ises and that McCown orally agreed to the substitution of trailer number 19114. It is undisputed that the bank thereafter, on its own records kept for its information, substituted number 19114 for the number 18163, which record was not signed by anyone other than the inspector who had made the check. No change or alteration whatsoever was made in the chattel mortgage. Further testimony on the part of the bank was to the effect that trailer number 18163 was not upon the premises of the appellant when the sheriff served the claim and delivery papers on August 11, or when the sheriff thereafter delivered possession of the various chattels to the bank or its representative.

McCown, the only witness for the appellant, categorically denied that he had authorized the substitution, and testified that trailer number 18163 was on the premises of the corporation at all relevant times. He admitted, however, that after being served personally with the claim and delivery papers, he did not bring to the attention of the sheriff or anyone else his contention that the bank was seizing a trailer to which it had no right or claim. He made no protest as to the seizure or delivery of trailer number 19114, and made no demand upon any one for its return, simply proceeding to file the counterclaim with which we are here concerned.

It is worthy of note that trailer number 18163 wound up in the possession of one Finklea, the auditor for the appellant. The evidence as to when and how it got into possession of Finklea is not clear or undisputed, but Finklea was not called as a witness by the appellant.

Although the jury had to believe McCown's testimony as to there being no authorized substitution in order to return a verdict for even actual damages, the record, as we read it, discloses nothing from which any inference of malice or ill will could be drawn.

In making the change on its own records, the bank did not injure or harm the appellant in any way. The evidence, moreover, contains no suggestion of any benefit flowing to the

bank from such change of its records, and suggests no reason why such change should or would have been made by the bank, other than the belief on the part of the bank and its agents that the substitution had been authorized.

With respect to the actual taking, it was done through the sheriff's office under a claim of right, and it should again be stressed that McCown admitted that his position had not been affected one way or the other under the circumstances as a result of the bank having taken trailer number 19114.

Viewing all of the evidence in the light most favorable to the appellant, as we are required to do, we fail to see where the evidence is susceptible of any reasonable inference of fraud, willfulness, reckless or conscious disregard of appellant's rights, or any other conduct on the part of the respondent which would support a verdict for punitive damages, and we think that the circuit judge was correct in setting the verdict aside on the ground that he did.

However, even if there be any question as to the correctness of the ground of the circuit judge's holding, we are convinced that the judgment of the lower court should be affirmed on another ground, we being at liberty to affirm a judgment on any ground appearing in the record. Supreme Court Rule 4, Section 8.

The action here is a statutory proceeding brought pursuant to Sections 10-2501, *et seq.* of the 1952 Code, and is, of course, governed by those statutory provisions. The record before us does not affirmatively show that the respondent here gave the bond required by Section 10-2505, but the presumption is that it did, and there is no evidence in the record that it did not. Possession was taken by the sheriff, and he had no right to take possession without the statutory bond required on the part of respondent. In the absence of such bond the statute commanded the sheriff to leave the chattels in possession of the appellant.

In the absence of any proof to the contrary, public officers are presumed to have properly discharged the duties of their offices and to have faithfully per-

formed the duties with which they are charged. *Howell v. Littlefield,* 211 S. C. 462, 46 S. E. (2d) 47; *Whitmire v. Cass,* 213 S. C. 230, 49 S. E. (2d) 1.

The right to recovery of punitive damages in an action of this kind exists only by virtue of Section 10-2516, which in part provides:

"But when either party gives bond for property, as provided by law, no punitive damages shall be allowed for anything occurring after the giving of the bond."

The foregoing provision has been construed and applied by this court in *Sandel v. Whisenhunt,* 168 S. C. 129, 167 S. E. 166; and *Whisenhunt v. Sandel,* 177 S. C. 207, 181 S. E. 61, 100 A. L. R. 376. The only act on the part of the respondent which occurred prior to the giving of the bond, complained of by the appellant here, was the change by the bank of the numbers on its own record, which act invaded no right of appellant and did him no damage. The only other act complained of by appellant was the actual taking of the trailer in the course of the claim and delivery proceeding, which occurred after the bond was given.

It follows that the appellant here simply failed to prove any facts which would entitle it to recover punitive damages under the applicable statute.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.